UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:19-cr-45-SPC-NPM

ALTON JACKSON
                                                          /

## **ORDER**

Before the Court are Defendant Alton Jackson's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 86) and the United States Probation Office's Memorandum (Doc. 84). Defendant is serving a 75-month sentence for possessing a firearm as a felon. Defendant is eligible, however, for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821.

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range;

and (3) the defendant received a higher sentence than the minimum of the amended guideline range. Probation's Memorandum says Defendant meets all three, and a review of the record confirms so.

The Court originally calculated Defendant's total offense level to be 20[1] and his criminal history category to be IV, which translated to a guidelines range of 51 to 63 months. But, because Defendant's criminal history was inadequately represented, the Court departed upward to a criminal history category V and sentenced him to 75 months in prison. The Eleventh Circuit affirmed the sentence.

But Defendant's criminal history would have been III under the amended guidelines (the total offense level remains unchanged). The new criminal history category would render a guidelines range of 41 to 51 months. Because of the change, counsel for Defendant and the Government jointly recommend a sentence of 68 months of imprisonment.

After considering Probation's Memorandum and the parties' recommendation against the record and applicable law, the Court will reduce Defendant's sentence by seven months. The new sentence of 68 months fairly balances Defendant's eligibility for a reduction under the amended guidelines

---

[1] Both the Statement of Reasons and Probation's Memo incorrectly states Defendant had a total offense level of 19. (Doc. 66; Doc. 84). But the Court was clear at sentencing that his total offense level was 20, and the Eleventh Circuit noted it too. (Doc. 71 at 49, 57, 64; Doc. 79 at 13).

with the Court's original (and remaining) concern that his criminal history is underrepresented. The Court thus grants Defendant's unopposed motion.

Accordingly, it is

**ORDERED**:

1. Defendant Alton Jackson's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 86) is **GRANTED.**

2. Defendant's sentence is reduced to either 68 months of imprisonment or time served, whichever is greater. This Order is effective **June 14, 2024.**

**DONE and ORDERED** in Fort Myers, Florida on May 31, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

3